UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| MICHAEL BRANDON NAUROTH, | : | Case No. 07-cv-539 |
| --- | --- | --- |
| | : | |
| | : | Judge Susan J. Dlott |
| Plaintiff, | : | Magistrate Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| TOM ARISS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION[1] THAT (1) DEFENDANT SOUTHERN HEALTH PARTNERS, INC.'S MOTION TO DISMISS (Docs. 16, 17) BE DENIED; (2) PLAINTIFF'S MOTION FOR LEAVE TO DEPOSE DEFENDANT TOM ARISS (Docs. 21, 22) BE DENIED; (3) DEFENDANT TOM ARISS' MOTION FOR SUMMARY JUDGMENT (Doc. 18) BE GRANTED; AND (4) THE COURT'S ORDER TO SHOW CAUSE (Doc. 28) BE VACATED.**

This civil action is before the Court on several matters: (1) Defendant Southern Health Partner, Inc.'s motion to dismiss for lack of prosecution (Docs. 16, 17) and the parties responsive memoranda (Docs. 23, 25); (2) Plaintiff's motion for leave to depose Defendant Tom Ariss (Docs. 21, 22) and the parties responsive memoranda (Docs. 24, 26); (3) Defendant Tom Ariss' motion for summary judgment (Doc. 18); and (4) the Court's Order to Show Cause (Doc. 28) and Plaintiff's response (Doc. 29).

**I.     BACKGROUND FACTS**

Plaintiff filed a Section 1983 action for damages resulting from Defendants' alleged violation of Plaintiff's right to medical care during his incarceration at the Warren County Jail. (Doc. 1 at ¶ 1). Specifically, Plaintiff alleges that he was denied prescription Methadone which resulted in withdrawal symptoms, including a coma, and

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

required that he be taken to the emergency room. (*Id*. at ¶¶ 3, 4). Defendants are Warren County Sheriff Tom Ariss, who was sued in his individual capacity, and Southern Health Partners Inc., a private corporation that provides medical care for inmates at the Warren County jail. (*Id*. at ¶ 1).

## II. PROCEDURAL HISTORY

On November 15, 2007, the parties filed a Joint Discovery Plan setting forth the deadlines they jointly proposed for this case. (Doc. 6). Initial disclosures were to be served by December 17, 2007, and Plaintiff's disclosure of expert(s) and accompanying expert report(s) were to be served no later than April 15, 2008. (*Id*.) Accordingly, on November 26, 2007, the Court entered a Scheduling Order adopting these discovery deadlines. (Doc. 7). Plaintiff, however, subsequently failed to serve both the initial disclosures and expert report(s), and Defendants sought assistance from the Court.

On June 18, 2008, as a result of an informal discovery conference,[2] the undersigned ordered Plaintiff to serve initial disclosures and a written expert report by July 18, 2008. (Doc. 15). The Court specifically admonished Plaintiff that failure to comply with the Order could result in dismissal of the case for want of prosecution. (*Id*.)

---

[2] The informal conference was scheduled for June 17, 2008, but Plaintiff's counsel, William B. Singer, failed to participate, so the conference was rescheduled for June 18, 2008, and his participation secured by the Court.

Nevertheless, Plaintiff failed to comply with the Order.[3] Accordingly, on August 19, 2008, Defendant Southern Health Partners, Inc. filed a motion to dismiss for lack of prosecution (Doc. 16), and the parties filed responsive memoranda (Docs. 23, 25). Plaintiff claimed that he was not required to file an expert report because the expert, Dr. Grubb, is Plaintiff's treating physician. (Doc. 23). In support of this argument, Plaintiff relied solely on *Fielden v. CSX Transp., Inc.*, 482 F.3d 866 (6th Cir. 2007), a case which does not support Plaintiff's argument.[4]

Subsequently, Defendant Sheriff Tom Ariss filed a motion for summary judgment. (Doc. 18). Instead of responding to the motion, Plaintiff filed a motion for leave to depose Sheriff Ariss (Docs. 21, 22), and the parties filed responsive memoranda (Docs. 24, 26).

On November 25, 2008, the undersigned ordered Plaintiff to show cause why the complaint should not be dismissed for failure to prosecute and/or provide Defendants with initial disclosures and an expert report. (Doc. 28). Plaintiff responded to the Order

---

[3] Plaintiff's counsel claims that he does not recall receiving or reading the June 18, 2008 Order. (Doc. 23). This is not a valid excuse. The Order was sent to Plaintiff's counsel electronically via the CM/ECF system, and the substance of the written Order was verbally communicated to all persons during the June 18, 2008 telephone conference.

[4] The *Fielden* case involves a claim under the Federal Employers' Liability Act ("FELA"), where the court held that "in the context of this FELA case," the plaintiff was not required to provide an expert report for the following two narrow reasons -- [neither of which was because the "expert" was a treating physician of plaintiff] -- to wit: (1) plaintiff provided sufficient information to the defendants about the nature and scope of the treating physician expert's testimony, and the testimony the expert provided did not stray from the notice provided by plaintiff, such that there was no surprise as to the scope of the testimony; and (2) the treating physician formed his opinions as to causation at the time he treated the plaintiff and not at the direction of plaintiff's counsel. *Id*. at 871.

to show cause on December 24, 2008.[5] (Doc. 29).

These matters are now ripe for the Court's review.

### III. DEFENDANT SOUTHERN HEALTH PARTNERS INC.'S MOTION TO DISMISS

#### A. Standard of Review

Rule 41(b) of the Federal Rules of Civil Procedure provides in part as follows:

> "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits."

"The dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Wu v. T. W. Wang, Inc.,* 420 F.3d 641, 643 (6th Cir. 2005) (citing *Little v. Yeutter,* 984 F.2d 160, 162 (6th Cir. 1993)). "On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. On the other hand is the policy which favors disposition of cases on their merits." *Little,* 984 F.2d at 162; *see also Buck v. United States Dep't of Agric.,* 960 F.2d 603, 608

---

[5] Although Plaintiff did address why he failed to submit an expert report, Plaintiff neglected to provide any explanation as to why counsel failed to serve initial disclosures. However, for good cause shown, and because policy generally favors disposing of claims and defenses on their merits (*see Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)), the Order to Show Cause (Doc. 28) should be **VACATED**.

(6th Cir. 1992).

The Sixth Circuit has identified four factors to consider when deciding whether to dismiss a case for failure to prosecute under Fed. R. Civ. P. 41(b): (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll v. AT&T,* 176 F.3d 359, 363 (6th Cir. 1999). "Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id*. (*citing Carter v. City of Memphis,* 636 F.2d 159, 161 (6th Cir. 1980) (*per curiam*)).

### B. Analysis

Considering the four factors identified by the Sixth Circuit, the undersigned finds that the particular facts of this case narrowly weigh against dismissal. Although Plaintiff's counsel failed to serve an expert report and initial disclosures in violation of two Court Orders (Docs. 7, 19), the undersigned finds that Plaintiff, albeit tardily,[6] has raised a legitimate argument that an expert report is not required because Dr. Grubbs will

---

[6] Notably, Plaintiff failed to submit any authority supporting the argument that he was not required to submit an expert report until his response to the Order to Show Cause. (Doc. 29). Instead, Plaintiff blithely disregarded a Court Order and failed to submit an expert report or initial disclosures. Moreover, Plaintiff had another opportunity to present authority supporting his position in the response to Defendant Southern Health Partners Inc.'s motion to dismiss. However, Plaintiff improperly relied on *Fielden*, 482 F.3d 866, which failed to support his argument.

be testifying as the treating physician.[7]

Although the Sixth Circuit has not expressly ruled on this exception to the expert report requirement, other district courts within the Sixth Circuit have held that experts that are not specially retained to testify in a case, including treating physicians, are not required to submit an expert report. *See, e.g., Lorenzi v. Pfizer Inc*., 519 F.Supp.2d 742, 750, n. 6 (N.D. Ohio 2007) (holding that the treating physician is not required to submit an expert report, but the doctor's opinion is limited to information acquired as a result of the treating relationship).[8]

However, as the treating physician, Dr. Grubb is not permitted to testify to facts "beyond the information acquired or the opinion reached as a result of the treating relationship to opine as to the causation of any injury, or to give an opinion regarding the view of any expert called by the Defendants." *Lorenzi*, 519 F.Supp.2d at 750, n.6. *See*

---

[7] It is important to note that Plaintiff did not provide *any* notice to Defendants concerning the substance of Dr. Grubb's testimony. *Id.* at 870 ("The biggest concern with permitting treating physicians to testify in all circumstances without providing expert reports is that this would permit circumvention of the policies underlying the expert report requirement.").

[8] *See also Rogers v. Detroit Edison Co.*, 328 F.Supp.2d 687, 689 (E.D. Mich. 2004) ("The Advisory Committee Notes . . . to Rule 26 indicate, however, that no written report is required for treating doctors. The requirement of a written report . . . applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without the requirement for a written report."); *Gass v. Marriott Hotel Servs. Inc.*, 501 F.Supp.2d 1011, 1017-1018 (W.D. Mich. 2007) ("doctors may need to determine the cause of an injury in order to treat it. Thus, they may be able to testify as to causation, even without an expert report, if they formed their opinions as to causation at the time they treated the plaintiff rather than at the request of counsel."); *Mohney v. US Hockery Inc.*, 300 F.Supp.2d 556, 560 (N.D. Ohio 2004) ("Courts consistently have found that treating physicians are not expert witnesses merely by virtue of their expertise in the respective fields. Only if their testimony is based on outside knowledge, not on personal knowledge of the patient and his or her treatment, may they be deemed experts.").

*also Salas v. United States*, 165 F.R.D. 31, 33 (W.D.N.Y. 1995) ("When the doctor's opinion testimony extends beyond the facts disclosed during care and treatment of the patient and the doctor is specially retained to develop opinion testimony, he or she is subject to the provisions of Rule 26(a)(2)(B)").

Defendants were likely waiting for an expert report before deposing Plaintiff's expert witness, Dr. Grubbs. Moreover, because Plaintiff failed to serve initial disclosures, Defendants were never informed that Dr. Grubbs' testimony would be limited to that of a treating physician. Accordingly, it would be prejudicial to preclude Defendants from deposing Dr. Grubbs despite the fact that discovery closed on August 15, 2008. Therefore, if Defendants elect to depose Dr. Grubbs, leave of court should be granted.

Accordingly, on balance, and in light of the quintessential policy which favors disposition of cases on their merits, Defendant Southern Health Partners Inc.'s motion to dismiss should be denied.

### IV. PLAINTIFF'S MOTION FOR LEAVE TO DEPOSE DEFENDANT SHERIFF ARISS

Plaintiff did not oppose Defendant Sheriff Ariss' motion for summary judgment. However, Plaintiff did file a motion for leave to take Sheriff Ariss' deposition (Docs. 21, 22), and the parties filed responsive memoranda (Docs. 24, 26).

Plaintiff's motion for leave should be denied because (1) the discovery deadline has passed; and (2) Plaintiff fails to meet any of the factors which would entitle him to a continuance of discovery pursuant to Fed. R. Civ. P. 56(f).

In a Court Order dated November 26, 2007 (Doc. 8), this Court memorialized a discovery deadline of August 15, 2008, which permitted parties more than one year from the filing of the complaint to conduct discovery. Neither party ever requested an extension to this deadline. That Plaintiff failed to take depose one of only two *named* Defendants, and only now, after the filing of dispositive motions, seeks leave to depose Sheriff Ariss is unacceptable.

The Sixth Circuit has held that the following factors are relevant to determining whether a Rule 56(f) motion should be granted or denied: (1) when the party seeking the extension of discovery learned of the issue that is the subject of the desired discovery; (2) how long the discovery period lasted; (3) whether the party seeking the extension of discovery was dilatory in its discovery efforts; and (4) whether the opposing party was responsive to discovery requests. *Plott v. General Motors Corp*., 71 F.3d 1190, 1196-97 (6th Cir. 1995).

Plaintiff fails to satisfy any of these factors. <u>First</u>, Plaintiff cannot argue that Sheriff Ariss' involvement in Plaintiff's medical care is a new issue when it is the central issue of this case. <u>Second</u>, Plaintiff had more than one year to depose Sheriff Ariss, which is ample time to conclude such a task. <u>Third</u>, the fact that Plaintiff failed to depose a *named* Defendant is sufficient evidence of dilatory discovery efforts, entirely consistent with Plaintiff's failure to comply with two Court Orders. (Docs. 7, 15). <u>Finally</u>, Plaintiff offers no evidence that either Defendant failed to respond to discovery requests.

Plaintiff fails to satisfy any of the requisite factors. Under the circumstances of this case, Plaintiff cannot possibly expect this Court to grant leave to depose a *named* Defendant after the discovery deadline has passed.[9] Plaintiff's motion should be denied.

## V. DEFENDANT SHERIFF ARISS' MOTION FOR SUMMARY JUDGMENT

### A. Standard of Review

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (1986).

---

[9] *See, e.g., Scott v. City of Dayton*, No. C-3-04-420, 2007 U.S. Dist. LEXIS 47031, at *25 (S.D. Ohio June 28, 2007) (overruling plaintiff's 57(f) motion to take the deposition of a named party after the discovery deadline passed).

**B. Analysis**

In his complaint, Plaintiff alleges that Defendants were deliberately indifferent to his medical needs while he was incarcerated at the Warren County Jail both in December 2005 and September/October 2006. (Doc. 1, ¶¶ 2-5). Plaintiff sued Defendant Sheriff Ariss in his individual capacity under 42 U.S.C. §1983. (*Id*., ¶ 1). However, during the time Plaintiff was incarcerated, Plaintiff did not have any contact with Sheriff Ariss. (Doc. 19 at 10, 20, 81). In fact, Sheriff Ariss has never met or spoken to Plaintiff, nor did he participate in any manner in the medical care of Plaintiff while he was incarcerated at the Warren County Jail in December 2005 or September/October 2006. (Doc. 18, Ex. 1 at ¶¶ 3, 4, 5, 6).

To state a claim against a defendant in his individual capacity, a plaintiff must allege personal involvement of the defendant in causing plaintiff's injury. *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992). A party cannot be held liable under 42 U.S.C. § 1983 unless the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). A plaintiff must demonstrate that a supervisory defendant "did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999).

Plaintiff fails to allege that Defendant Sheriff Ariss had any personal involvement in his medical care other than his general allegation that the Sheriff "is responsible for

the administration of the jail." (Doc. 1 at ¶ 1). A bare statement of supervisory liability is insufficient to impose any type of individual liability. To the extent that Defendant Sheriff Ariss was sued because of his position or authority, the doctrine of *respondeat superior* does not apply in Section 1983 lawsuits to impute liability onto supervisory personnel. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691-95 (1978). A claim based on supervisory liability has no merit because Plaintiff has not alleged that Sheriff Ariss condoned or otherwise approved of the alleged denial of medical care. *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995).

Construing all inferences in the light most favorable to the Plaintiff, there are no genuine issues of material fact and the claims against Defendant Sheriff Ariss fail as a matter of law.

## VI. CONCLUSION

Accordingly, based on the foregoing, the undersigned **RECOMMENDS** that:

1. Defendant Southern Health Partners, Inc.'s motion to dismiss for lack of prosecution (Docs. 16, 17) be **DENIED**;

2. Dr. Grubb's testimony be limited to information acquired or opinions reached as a result of his treating physician relationship with the Plaintiff;

3. Plaintiff's motion for leave to take Defendant Sheriff Ariss' deposition (Docs. 21, 22) be **DENIED**;

4. Defendant Sheriff Ariss' motion for summary judgment (Doc. 18) be **GRANTED** and Defendant Ariss be dismissed from this case; and

5. The Order to Show Cause (Doc. 28) be **VACATED**.

**IT IS SO RECOMMENDED.**

Date: January 5, 2009               s/ Timothy S. Black
                                    Timothy S. Black
                                    United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BRANDON NAUROTH, | : | Case No. 1:07-cv-539 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | Magistrate Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| TOM ARISS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).